McKinney, J.
delivered the opinion of the court.
This is an action on the case, brought by the defendant in error against the plaintiff in error, as the proprietor of a stage coach, to recover damages for the loss of a trunk and its contents, the property of the former, who was a passenger in said coach, alledged to have been lost or stolen therefrom during the passage from Bolivar to Nashville, for which distance the defendant in error, who was on a journey, had taken a seat in said coach.
It appears from the proof in the record, that said trunk, when delivered to the driver at Bolivar, contained, in addition to wearing apparel, one hundred and nineteen dollars in silver; a ten dollar bank note ; twenty-five or *623 thirty-five dollars in gold coin; a silver watch, worth about thirty-five dollars; also, medicines, hand-cuffs, locks, &c. worth about twenty dollars.
The circuit judge instructed the jury in substance, that on proof by the plaintiff of the payment of his passage money, the delivery of his trunk to the defendant or his agent, the stage driver, and the loss of the. trunk, he would be entitled to recover only the value of the trunk and the usual wearing apparel of the passenger. To enable him to recover the value of the money, watch and other articles mentioned in the proof, it must be proved by the plaintiff that he notified the defendant or his agent of the fact that the’ trunk contained the money, watch, &c. If the proof showed that the defendant’s-agent was informed that the trunk contained money, the plaintiff would be entitled to recover the amount contained in the trunk, although the agent was not notified of the amount. The defendant had a right to require the plaintiff to state the amount of money; but if he did not require the amount to be stated, on being informed of the contents, he would still be liable for the amount proved to be lost. Verdict and judgment were rendered in favor of the plaintiff for one hundred seventy-seven dollars and thirty-seven cents, and the defendant appealed in error to this court.
We think the foregoing charge is erroneous, both in respect to the ground of the defendant’s liability for the money, and the extent of the plaintiff’s right of recovery. The liability of the defendant for the money, watch and other articles alledged to have been contained in the trunk, did not depend upon the fact of notice; and whether or not such notice were given to him, or. his. agent, was altogether immaterial, f It is now well settled, *624 that the proprietors of stage coaches, carrying passengers with their baggage, are responsible in all respects as common carriers, so far as regards the baggage ; though it is otherwise as to the persons of passengers. f‘But by baggage we are to understand such articles of necessity, or personal convenience as are usually carried by passengers for their personal use; and not merchandise or other valuables, although carried in the trunks of passengers, which are not designed for any such use, but for other purposes, suph as sale or the like.’jl Such is the rule as laid down by Story. Com. on the’Law of Bailments, sec. 499. In the case of Hawkins vs. Hoffman, 6 Hill’s N. Y. Rep., it is said, “ a contract to carry the ordinary baggage of the passenger, is implied from the usual course of the business, and the price paid for fare is considered as including a compensation for carrying the freight. But this implied undertaking has never been extended beyond ordinary baggage, or such things as a traveler usually carries with him for his personal convenience in the journey,” and in this case it is doubted whether an amount of money, sufficient to pay traveling expenses, might be included; and this upon the ground, that money for such purpose is usually carried about the person, and not in trunks; and the general proposition is laid down, that the term baggage, does not include merchandise or money in a trunk, nor such articles as are usually carried about the person. | But in the case of Orange County Bank vs. Brown and others, 9 Wend. Rep. 85: Nelson, J., in delivering the judgment of the court, says* “ It may be difficult to define with technical precision what may legitimately be included in the term baggage, as used in connection with traveling in public conveyances ; but it may be safely asserted, that money, except *625 when it may be carried for the expenses of traveling, is not thus included.” This we think is the correct rule : it would often be alike unsafe and impracticable, especially upon a long journey, to carry about the person an amount of money sufficient even to defray traveling expenses. And to this extent we think the plaintiff in error, in the present case is responsible, but for no greater amount. The watch alledged to have been in the trunk, clearly does not fall within the meaning of the term baggage; and much less the hand-cuffs, locks, &c.; these certainly do not usually constitute part of a gentleman’s wardrobe, nor is it perceived how they are necessary to his personal comfort on a journey in a stage coach.
It is obviously impracticable to prescribe any uniform or very definite rule in respect to what shall be deemed baggage. This must be left to the jury to determine in each particular case; from the habits, rank and condition of the party; the extent and reasonable expenses of the journey, together with all the other circumstances relevant to the inquiry.
As respects the objection, that the proof in the record before us is insufficient to establish the loss or non delivery of the trunk, we decline the expression of any opinion, inasmuch as, upon other grounds, the case must be remanded for a new trial.
Let the judgment be reversed.